# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

|  |  |
|---|---|
| MICHAEL ZOOK, | ) |
|  | ) |
| Petitioner, | ) |
|  | ) |
| v. | ) No. 2:15-00141-JMS-MJD |
|  | ) |
| SUPERINTENDENT, | ) |
|  | ) |
| Respondent. | ) |

### Entry Discussing Petition for Writ of Habeas Corpus

The petition of Michael Zook for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. XAF 14-10-02. For the reasons explained in this Entry, Michael Zook's habeas petition must be **denied**.

### Discussion

#### Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## I. The Disciplinary Proceeding

On October 4, 2014, Supervisor Murdock wrote a conduct report that charged Zook with

Escape. The conduct report states:

> On 10/4/14 at approximately 0305 DOC resident Zook, Michael 172157 was declared escaped. The resident left Liberty Hall on a work pass on 10/3/14 at approximately 1250 and was due back on 10/4/14 at approximately 0100. The resident failed to return to the facility. At approximately 0140 the resident's employer at Seran Robert Heyser was contacted. Mr. Heyser advised the resident never showed up for work. The resident's emergency contacts as well as the jail and hospital were called in an attempt to locate/contact the resident. All advised they were unaware of the resident's whereabouts. At approximately 0305 after all efforts to locate or contact resident were exhausted Supervisor Murdock declared the resident escaped and requested a warrant for his arrest.

On October 30 2014, Zook was notified of the charge and served with the conduct report and the

notice of disciplinary hearing "screening report." Zook was notified of his rights, pled guilty, and

did not request the appointment of a lay advocate. During the screening, Zook checked the box

that he wanted to call witnesses but did not identify any witnesses. Similarly, Zook checked the

box that he wished to request physical evidence but failed to identify any evidence. Zook also

waived a 24 hour notice of hearing. [dkt. 1-1, at p. 3].

The hearing officer conducted a disciplinary hearing on October 30, 2014. Zook provided

the following statement "I went to go see my daughter." The hearing officer found Zook guilty of

the charge of Escape.  [dkt. 1-1, at p. 2].

In making the guilty determination, the hearing officer relied on the conduct report. The

hearing officer imposed the following sanctions: an inter-facility transfer to the Indiana

Department of Correction, a 180-day earned credit time deprivation, and a demotion from credit

class 1 to credit class 2. The sanctions were imposed because of the seriousness of the offense.

Zook's appeals through the administrative process were denied. He now seeks relief

pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated.

## II.  Analysis

Zook alleges that he was denied an impartial hearing officer and was deprived of sufficient written findings.

Zook claims that he was denied an impartial decision maker. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983). Zook claims claim that the officer that wrote the report of conduct was the same officer as conducted the disciplinary hearing. It is not clear from the evidence presented whether the same officer that wrote the report of conduct is the same officer that conduct the disciplinary hearing, and the respondent does not address this issue. However, the impartial hearing officer requirement was waived when Zook pled guilty to the charge. *See Woods v. Zatecky*, No. 1:13-cv-1348-LJM-TAB (S.D. Ind. 2014). Therefore, this argument is waived.

Zook next argues he was denied a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action were not given. The hearing officer's finding of guilt must contain a "'written statement' . . . as to the evidence relied on and the reasons" for the disciplinary action. *Wolff*, 418 U.S. at 564 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." *Hill*, 472 U.S. at 455. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 457. In the appropriate circumstances, the conduct report alone may be sufficient evidence to

support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Zook pled guilty when he was screened and pled guilty again at the disciplinary hearing stating "I went to see my daughter" [dkt. 9-3]. The hearing officer relied on the conduct report in finding Zook guilty. Here, based on Zook's statements, there is sufficient evidence in the record to support the hearing officer's conclusion that Zook is guilty.

## III. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Zook to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date:  September 8, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Michael Zook, #172157
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135